### TERRITORY v. YEE SHUN.

#### January Term, 1884.

WITNESS—COMPETENCY—RELIGIOUS BELIEF.
   A Chinaman, who believes in the Chinese religion, but takes the ordinary form of oath, without objection, and testifies that he regards it as binding, is, as far as concerns religious belief, a competent witness.[1]

Appeal from First district.

*Wm. Breeden,* Atty. Gen., for the Territory.

*T. A. Green,* for appellant.

BELL, J.   The appellant was convicted, at the August term of the district court for the county of San Miguel, for the crime of murder in the second degree, and was sentenced to imprisonment for life. He has taken an appeal to this court. The only error assigned is that on the trial in the court below, Joe Chinaman, who testified and gave material evidence in the case, was incompetent for want of religious belief. From the record it appears that before being sworn, this witness was examined by counsel for defendant as to his competency, as follows: "*Question.* I will ask you if you believe in the Chinese worship, their Joss-houses; do you believe in the Chinese

---

[1] See Territory v. Duran, (N. M.) 3 Pac. Rep. 53; Taylor v. State, (Tex.) 3 S. W. Rep. 753; State v. Powers, (N. J.) 17 Atl. Rep. 969; Jones v. Railroad Co., 3 N. Y. Supp. 253; McKelton v. State, (Ala.) 7 South. Rep. 38; McGuff v. State, (Ala.) 7 South. Rep. 35; Hroneck v. People, (Ill.) 24 N. E. Rep. 861.

Joss? *Answer.* I live in a Chinese house. *Q.* I will ask you if you believe in the Chinese Joss-house, where they worship, where they have their religious services? Do you go with Chinamen in this country when they worship? Do you understand what a God is? *A.* I don't know what it is. Yes, I believe the Chinese religion. *Q.* Have you ever changed from Chinese to Christian religion since you came to this country? *A.* I am a Chinaman and believe in the Chinese religion. *Q.* Was you ever a witness in court before? *A.* Yes. *Q.* Do you know anything about the obligations of an oath under the Christian religion? *A.* I don't know it." To the question put by the attorney general, the witness answered as follows: "*Question.* Ask him if he knows what he is required to do when he takes an oath here as a witness? *Answer.* He come here for a witness to prove that a man got killed. *Q.* Ask him what he is to do or what his duty is in telling his story as a witness; if he knows what his duty is as to telling the truth? *A.* I can tell the truth in this case. *Q.* Do you know that you are sworn here so that you are to tell the truth? *A.* Yes." The witness was then sworn, and permitted to testify, over the objection and exception of the prisoner's counsel.

The record shows the objection to have been in form as follows: "Objection by Mr. Green to the form of the oath as administered, and the admissibility of the witness. Objection overruled; exception." This objection, we think, was properly overruled. There is nothing in the record to show that the witness was not entirely competent. The witness said that he was a Chinaman, and believed in the Chinese religion. What that religion teaches in regard to the existence of a supreme being, or in regard to future rewards and punishments, does not appear. The only question here is whether, whatever may be the religious belief of the witness, he took an oath which would bind his conscience to tell the truth. The witness testified that he was sworn in such manner as that he was to tell the truth. In considering this question, Greenleaf says: "If the witness is not of the Christian religion, the court will inquire as to the form in which the oath is administered in his own country, or among those of his own faith, and will impose it in that form. But if the witness, without making any objection, takes the oath in the usual form, he may be afterwards asked whether he thinks the oath binding on his conscience." 1 Greenl. Ev. § 371. Of course, he can as well be asked before as after being sworn, as was done in this case. The defect of religious faith is never presumed. Id. § 370. It is therefore incumbent on the party objecting to the competency of a witness on this ground to show such want of religious belief as to render him incompetent, and this must be shown by evidence *aliunde.* Id., and note. This the appellant has failed to do.

The judgment must be affirmed.

BRISTOL, J. I concur.